**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| TANGULA BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPFOLIO, INC.,<br><br>　　　　　Defendant. | Case No. 2:26-cv-02109-JEH-RLH |

**DEFENDANT APPFOLIO, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Defendant AppFolio, Inc. ("Defendant" or "AppFolio"), by and through its counsel, and

pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's

Complaint, and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action to recover damages for violations of the Fair Credit Reporting Act
("FCRA"), 15 U.S.C. § 1681, *et seq.*

**ANSWER:**

AppFolio admits only that Plaintiff purports to bring claims for alleged violations of the

Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"). AppFolio denies that it violated

the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

AppFolio denies any remaining allegations in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

The FCRA is a federal statute designed to protect consumers from the harmful effects of
inaccurate information reported in consumer reports (commonly referred to as "credit reports").
Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to

ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

**ANSWER:**

The allegations in Paragraph 2 of the Complaint consist entirely of legal conclusions and incomplete statutory quotations and citations and, therefore, no answer is required to the allegations in Paragraph 2 of the Complaint. To the extent an answer is required, AppFolio states that the referenced statute is the best evidence of its contents and denies any allegations in Paragraph 2 of the Complaint that are inconsistent with the referenced statute. AppFolio denies any remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

**ANSWER:**

The allegations in Paragraph 3 of the Complaint consist entirely of legal conclusions and incomplete statutory quotations and citations and, therefore, no answer is required to the allegations in Paragraph 3 of the Complaint. To the extent an answer is required, AppFolio states that the referenced statute is the best evidence of its contents and denies any allegations in Paragraph 3 of the Complaint that are inconsistent with the referenced statute. AppFolio denies any remaining allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

**ANSWER:**

The allegations in Paragraph 4 of the Complaint consist entirely of legal conclusions and, therefore, no answer is required to the allegations in Paragraph 4 of the Complaint. To the extent

2

325508225v.1

an answer is required, AppFolio states that the referenced statute is the best evidence of its contents and denies any allegations in Paragraph 4 of the Complaint that are inconsistent with the referenced statute. AppFolio denies any remaining allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Defendant Appfolio has produced and sold consumer reports concerning Plaintiff's background that wrongfully and inaccurately reported Plaintiff's criminal history information.

**ANSWER:**

AppFolio denies the allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

As a result of Appfolio's wrongful reporting, Plaintiff was damaged by, without limitation, loss of housing, suffering harm to her housing qualifications, wasted time, and considerable stress and anguish.

**ANSWER:**

AppFolio denies the allegations in Paragraph 6 of the Complaint.

**PARTIES**

**COMPLAINT ¶7:**

Plaintiff is a natural person and resident of the State of Illinois and qualifies as a "consumer" as defined and protected by the FCRA.

**ANSWER:**

AppFolio admits that Plaintiff is a natural person and a "consumer," as that term is defined by the FCRA. AppFolio lacks knowledge or information sufficient to form a belief as to Plaintiff's current residence. AppFolio denies any remaining allegations in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Defendant Appfolio, Inc. is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant Appfolio is a California corporation that maintains its primary place of business in Santa Barbera, California.

325508225v.1

**ANSWER:**

AppFolio admits that it provides certain services as a "consumer reporting agency," as that phrase is defined by the FCRA, and as limited to those services only. AppFolio further admits that it is headquartered in Santa Barbara, California. AppFolio denies the remaining allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶9:**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Illinois, and violated Plaintiff's rights under the FCRA in the State of Illinois as alleged more fully below.

**ANSWER:**

AppFolio admits that jurisdiction in this Court is proper. AppFolio further admits that it is legally authorized to conduct business in the State of Illinois. AppFolio denies the remaining allegations in Paragraph 9 of the Complaint, and specifically denies that it violated the FCRA, or any other law.

**COMPLAINT ¶10:**

Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

**ANSWER:**

AppFolio admits that venue in this District is proper. AppFolio denies the remaining allegations in Paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶11:**

Sometime before January 15, 2026, Plaintiff applied for new housing with JSJ Property Management, Inc. ("JSJ").

4

325508225v.1

**ANSWER:**

AppFolio lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

In this application, Plaintiff agreed that a consumer background report regarding herself could be procured from Defendant Appfolio.

**ANSWER:**

On information and belief, AppFolio admits the allegations in Paragraph 12 of the

Complaint.

**COMPLAINT ¶13:**

To Plaintiff's shock, she was informed that she was being denied her housing, at least in part, due to the results of the consumer background report prepared by Defendant.

**ANSWER:**

AppFolio denies the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

When Plaintiff reviewed the report procured from Defendant, she was shocked and mortified to see that Defendant was reporting a guilty disposition for possession of drug paraphernalia in 2016 out of the Champaign County Court, case No. 2016OV000368.

**ANSWER:**

AppFolio states that the referenced report is the best evidence of its contents and denies

any allegations in Paragraph 14 of the Complaint that are inconsistent with the contents of the

referenced report. AppFolio denies the remaining allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Plaintiff was confused, frustrated, and embarrassed, as this disposition was vacated and that charge was dismissed by the court on December 20, 2022.

5

325508225v.1

**ANSWER:**

AppFolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

As a direct result of Defendant's inaccurate and misleading reporting, Plaintiff has been damaged.

**ANSWER:**

AppFolio denies the allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Because of the inaccurate information provided to Plaintiff's prospective landlord by Defendant, Plaintiff's was denied housing and defamed to her potential landlord.

**ANSWER:**

AppFolio denies the allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

As a direct result, Plaintiff has suffered distress and mental anguish, largely due to the frustration in losing this needed housing option and causing significant fear that such inaccurate information will continue to preclude her from being to able to obtain a home, as well as the defamatory harm of being portrayed as a criminal.

**ANSWER:**

AppFolio denies the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

It is patently inaccurate and/or materially misleading to report Plaintiff's case as having a guilty disposition, when that disposition was vacated and the charge dismissed.

**ANSWER:**

AppFolio denies the allegations in Paragraph 19 of the Complaint.

325508225v.1

**COMPLAINT ¶20:**

Upon information and belief, had Defendant not erroneously, inaccurately and misleadingly reported Plaintiff's criminal history on her background report, Plaintiff would not have been denied housing.

**ANSWER:**

AppFolio denies the allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

**ANSWER:**

AppFolio denies the allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting to-the-day current information is more costly than reporting outdated information on a consumer report.

**ANSWER:**

AppFolio denies the allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

For example, upon information and belief, Defendant allowed erroneous criminal information to appear on Plaintiff's consumer report without first confirming the accuracy with the publicly available court records.

**ANSWER:**

AppFolio denies the allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Defendant regularly seeks out and procures criminal history information with the intention of including it in the consumer reports it sells for profit.

**ANSWER:**

AppFolio admits that, at the request of its customers, it may prepare consumer reports on individuals for a permissible purpose under the FCRA and that such reports may include criminal record information. AppFolio denies the remaining allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Defendant knows or has reason to know the effect inaccurate criminal history has on a consumer's ability to gain housing.

**ANSWER:**

AppFolio denies the allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own tenant screening products.

**ANSWER:**

AppFolio denies the allegations in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

**ANSWER:**

AppFolio denies the allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

Defendant, a sophisticated tenant screening consumer reporting agency, is aware that criminal history information is often inaccurate or incomplete.

**ANSWER:**

AppFolio denies the allegations in Paragraph 28 of the Complaint.

325508225v.1

**COMPLAINT ¶29:**

Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile consumer data from various online sources without verifying its accuracy with actual state records.

**ANSWER:**

AppFolio denies the allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

**ANSWER:**

AppFolio denies the allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

**ANSWER:**

AppFolio denies the allegations in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

**ANSWER:**

AppFolio denies the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

325508225v.1

**ANSWER:**

AppFolio admits that it has been named as a defendant in actions alleging violations of the FCRA. AppFolio denies having violated the FCRA or any other law, and denies any remaining allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

**ANSWER:**

AppFolio denies the allegations in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

**ANSWER:**

AppFolio denies the allegations in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

**ANSWER:**

AppFolio denies the allegations in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

**ANSWER:**

AppFolio denies the allegations in Paragraph 37 of the Complaint.

10

**COMPLAINT ¶38:**

It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

**ANSWER:**

AppFolio denies the allegations in Paragraph 38 of the Complaint because it is based on the erroneous presumption that AppFolio does not maintain and follow reasonable procedures.

**COMPLAINT ¶39:**

Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

**ANSWER:**

AppFolio denies the allegations in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

**ANSWER:**

AppFolio denies the allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

**ANSWER:**

AppFolio denies the allegations in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

**ANSWER:**

AppFolio denies the allegations in Paragraph 42 of the Complaint.

11

325508225v.1

**COMPLAINT ¶43:**

Defendant knows that its services are used to make significant consumer decisions.

**ANSWER:**

AppFolio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

Upon information and belief, Defendant know or should have known that landlords make decisions on tenant status based solely on the information contained in its consumer reports.

**ANSWER:**

AppFolio admits that its services may include the preparation of tenant screening reports. AppFolio denies the remaining allegations in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

Upon information and belief, Defendant knew or should have known the negative impact that reporting an inaccurate and/or misleading criminal history was likely to have on that consumer's tenant status.

**ANSWER:**

AppFolio admits only that its services may include the preparation of tenant screening reports. AppFolio denies the remaining allegations in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Upon information and belief, Defendant purchases public record information from third-party vendors.

**ANSWER:**

AppFolio admits that it may use third-party sources for information included in certain consumer reports. AppFolio denies the remaining allegations in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

325508225v.1

**ANSWER:**

AppFolio denies the allegations in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

**ANSWER:**

AppFolio denies the allegations in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

**ANSWER:**

AppFolio denies the allegations in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

**ANSWER:**

AppFolio denies the allegations in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

**ANSWER:**

AppFolio denies the allegations in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

As a direct result of Defendant's conduct, Plaintiff was denied housing.

**ANSWER:**

AppFolio denies the allegations in Paragraph 52 of the Complaint.

325508225v.1

**COMPLAINT ¶53:**

As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: housing denial, wasted time, defamation of her character, financial insecurity and emotional distress, including but not limited to, humiliation, embarrassment, stress, frustration, and mental anguish.

**ANSWER:**

AppFolio denies the allegations in Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

**ANSWER:**

AppFolio denies the allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1781o.

**ANSWER:**

AppFolio denies the allegations in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

AppFolio denies the allegations in Paragraph 56 of the Complaint.

**CAUSES OF ACTION**

**COUNT I**
**15 U.S.C. § 1681e**

**COMPLAINT ¶57:**

Plaintiff repeats and realleges the allegations in paragraphs 1-56 as if fully set forth herein.

14

325508225v.1

**ANSWER:**

AppFolio restates its answers to Paragraphs 1 through 56 of the Complaint as its answer to Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

**ANSWER:**

The allegations in Paragraph 58 of the Complaint consist entirely of legal conclusions and incomplete statutory citations and quotations and, therefore, no answer is required to the allegations in Paragraph 58 of the Complaint. To the extent an answer is required, AppFolio denies any allegations in Paragraph 58 of the Complaint that are inconsistent with the referenced statute. AppFolio denies any remaining allegations in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Appfolio violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

**ANSWER:**

AppFolio denies the allegations in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Specifically, Appfolio willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting Plaintiff's criminal history including a conviction, when that disposition was vacated and the charges against Plaintiff were dismissed.

**ANSWER:**

AppFolio denies the allegations in Paragraph 60 of the Complaint.

325508225v.1

**COMPLAINT ¶61:**

Appfolio's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

**ANSWER:**

AppFolio denies the allegations in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

Appfolio is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

**ANSWER:**

AppFolio denies the allegations in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

As a result of Appfolio's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

AppFolio denies the allegations in Paragraph 63 of the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment:

i.    Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii.    Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii.    Awarding any other such relief as this Court may deem just and proper.

**ANSWER:**

AppFolio denies that Plaintiff is entitled to any of the relief requested in the Compliant, and further denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

## ANSWER:

AppFolio denies that Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, AppFolio asserts the following affirmative and other defenses to the Complaint, and reserves its right to raise additional defenses as may be discovered during the course of these proceedings:

## FIRST DEFENSE

To the extent that Plaintiff has failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

## SECOND DEFENSE

Any damages sustained by Plaintiff were not proximately caused by AppFolio.

## THIRD DEFENSE

Plaintiff is not entitled to punitive damages because AppFolio made good faith efforts to comply with the FCRA and its reading of its obligations under the FCRA is objectively reasonable.

## FOURTH DEFENSE

AppFolio followed reasonable procedures to assure maximum possible accuracy in the information concerning Plaintiff in any consumer report relating to her.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, AppFolio prays that:

(1) Plaintiff's Complaint be dismissed, in its entirety, and with prejudice as to AppFolio, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action; and

17

325508225v.1

(3) it recover such other and further relief as the court deems just and proper.

DATED:  June 10, 2026

By: */s/ John Drury*

John Drury, Bar No. 6282785
jdrury@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:      (312) 460-5000
Facsimile:      (312) 460-7000

*Counsel for Defendant*
*AppFolio, Inc.*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2026, I presented the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ John Drury
John Drury

325508225v.1